C. YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
1010 Wilshire Blvd., Suite 715
Los Angeles, California 90017
Tel. 213-688-2001
Fax. 213-688-2002

Attorney for Plaintiff, GHODOOSHIM & SON, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHODOOSHIM & SON, INC., a California Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>BLACK HALO PRODUCTIONS, INC., a California Corporation; LAUREL ANNETTE BERMAN, an Individual; BLOOMINGDALE'S, INC., an Ohio Corporation; THE NEIMAN MARCUS GROUP, LLC., a Texas Corporation; SAKS FIFTH AVENUE, LLC., a Massachusetts Corporation; BOP, INC., a Wisconsin Corporation d/b/a SHOPBOP.COM; MODESENS, INC., a Washington Corporation; SPRING, INC., a Delaware Corporation and DOES 1-10, inclusive,<br><br>Defendants. | Case Number: 2:18-cv-2101<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT INFRINGEMENT**<br>**3. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**<u>Jury Trial Demanded</u>** |

1

COMPLAINT FOR DAMAGES

Plaintiff GHODOOSHIM & SON, INC. ("Plaintiff" or "GHODOOSHIM") by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

Plaintiff is engaged in the apparel industry as a textile converter of imported and domestic fabrications. Plaintiff creates, or purchases and obtains, exclusive rights to unique two-dimensional graphic artworks for use on textiles and garments, and those textiles and garments are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit.  Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs.  Customers of Plaintiff, including possibly DOE defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs in furtherance of their business in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights.  No other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff.  This action is brought to recover damages for direct, vicarious and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive designs by the Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*

COMPLAINT FOR DAMAGES

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. GHODOOSHIM & SON, INC. ("Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in the County of Los Angeles, at 2721 South Alameda Street, Los Angeles, California 90058.

5. Plaintiff is informed and believes and thereon alleges that Defendant BLACK HALO PRODUCTIONS, INC. ("BLACK HALO"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California and doing business in California, with its principal place of business at 648 Mateo Street, Los Angeles, California 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendant LAUREL ANNETTE BERMAN ("BERMAN"), is, and at all times herein mentioned was, an individual residing in Los Angeles, California. Plaintiff is informed and believes and thereon alleges that Defendant BERMAN is, and at all times herein mentioned was, the owner and principal of BLACK HALO with its principal place of business at 648 Mateo Street, Los Angeles, California 90021.

7. Plaintiff is informed and believes and thereon alleges that Defendant BLOOMINGDALE'S, INC. ("BLOOMINGDALE"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Ohio and registered and doing business in California, with its principal place of business at 7 West 7th Street, Cincinnati, Ohio 45202.

COMPLAINT FOR DAMAGES

8.  Plaintiff is informed and believes and thereon alleges that Defendant THE NEIMAN MARCUS GROUP, LLC. ("NEIMAN"), is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Texas and registered and doing business in California, with its principal place of business at 1618 Main Street, Dallas, Texas 75201.

9.  Plaintiff is informed and believes and thereon alleges that Defendant SAKS FIFTH AVENUE, LLC., ("SAKS"), is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Massachusetts and registered and doing business in California, with its principal place of business at 800 Boylston Street, Boston, Massachusetts 02199.

10. Plaintiff is informed and believes and thereon alleges that Defendant BOP, LLC. d/b/a SHOPBOP.COM ("BOP"), is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Wisconsin and registered and doing business in California, with its principal place of business at 1245 East Washington Avenue, Suite 300, Madison, Wisconsin 53703.

11. Plaintiff is informed and believes and thereon alleges that Defendant MODESENS, INC. ("MOEDSENS"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Washington doing business in California, with its principal place of business at 700 5th Avenue S, Kirkland, Washington 98033.

12. Plaintiff is informed and believes and thereon alleges that Defendant SPRING, INC. ("SPRING"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware doing business in California, with its principal place of business at 41 East 11th Street 11th Floor, Suite 17, New York, New York 10003.

13. Named Defendants, and Does 1-10, may be collectively referred to as "Defendants."

COMPLAINT FOR DAMAGES

14. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 1 through 3 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

15. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 4 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

16. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively

5

COMPLAINT FOR DAMAGES

1  participated in or subsequently rarified and adopted, or both, each and all of the

2  acts or conducts alleged, with full knowledge of all the facts and circumstances,

3  including without limitation to full knowledge of each and every wrongful

4  conducts and Plaintiff's damages caused therefrom.

5

6  ## CLAIMS RELATED TO DESIGN

7  17. Plaintiff is the owner and author of a two-dimensional artwork called MD-

8  10541 TO MD-10613 AND 20244 TO 20270 (Total 107 Designs). ("Subject

9  Design").  (Exhibit A).

10  18. Plaintiff applied for a copyright from the United States Copyright Office for the

11  Subject Design and was granted Registration VAu 1-029-287 effective on June

12  9, 2010. (Exhibit B).

13  19. Plaintiff formatted the Subject Design for use on textiles, sampled the Subject

14  Design, and negotiated sales of fabric bearing the Subject Design.

15  20. Plaintiff is informed and believes and thereon alleges that Defendants, each of

16  them, had access to the Subject Designs, including without limitation, through:

17  (a) access to Plaintiff's showroom and/or design library; (b) access to illegally

18  distributed copies of the Subject Designs by third-party vendors and/or DOE

19  Defendants, including without limitation international and/or overseas

20  converters and printing mills; (c) access to Plaintiff's strike-offs and samples;

21  and (d) access to garments in the marketplace manufactured with lawfully

22  printed fabric bearing the Subject Designs.

23  21. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's

24  authorization, Defendant BLACK HALO purchased, sold, marketed,

25  advertised, manufactured, caused to be manufactured, imported and/or

26  distributed fabric and/or garments comprised of fabric featuring a design which

27  is identical, or substantially similar to, the Subject Design. A true and correct

28

COMPLAINT FOR DAMAGES

1    copy of such a garment is attached hereto as Exhibit C.  Said garments include

2    but are not limited to garments sold by BLACK HALO under Style #8529396.

3    22. At various times Defendant BLACK HALO owned and controlled offline

4    and/or online retail stores, and each, Plaintiff's investigation revealed that

5    garments comprised of fabric bearing the Subject Design were being offered for

6    sale, garments which were manufactured and/or imported under the direction of

7    the Defendants, and each of them.

8    23. Plaintiff is informed and believes and thereon alleges that BERMAN as the

9    principal and the owner had the control over BLACK HALO and its business

10    transactions, and knowingly participated in BLACK HALO's purchase,

11    online/offline sale, online/offline marketing, online/offline advertising,

12    manufacturing, causing to be manufactured, importing and/or online/offline

13    distributing fabric and/or garments comprised of fabric featuring a design which

14    is identical, or substantially similar to, the Subject Design.

15    24. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's

16    authorization, Defendant BLOOMINGDALE purchased, sold, marketed,

17    advertised, manufactured, caused to be manufactured, imported and/or

18    distributed fabric and/or garments comprised of fabric featuring a design which

19    is identical, or substantially similar to, the Subject Design. A true and correct

20    copy of such a garment is attached hereto as Exhibit C. Said garments include

21    but are not limited to garments sold by BLOOMINGDALE.

22    25. At various times Defendant BLOOMINGDALE owned and controlled offline

23    and/or online retail stores, and each, Plaintiff's investigation revealed that

24    garments comprised of fabric bearing the Subject Design were being offered for

25    sale, garments which were manufactured and/or imported under the direction of

26    the Defendants, and each of them.

27    26. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's

28    authorization, Defendant NEIMAN purchased, sold, marketed, advertised,

COMPLAINT FOR DAMAGES

1     manufactured, caused to be manufactured, imported and/or distributed fabric

2     and/or garments comprised of fabric featuring a design which is identical, or

3     substantially similar to, the Subject Design. A true and correct copy of such a

4     garment is attached hereto as Exhibit C. Said garments include but are not

5     limited to garments sold by NEIMAN.

6 27. At various times Defendant NEIMAN owned and controlled offline and/or

7     online retail stores, and each, Plaintiff's investigation revealed that garments

8     comprised of fabric bearing the Subject Design were being offered for sale,

9     garments which were manufactured and/or imported under the direction of the

10     Defendants, and each of them.

11 28. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's

12     authorization, Defendant SAKS purchased, sold, marketed, advertised,

13     manufactured, caused to be manufactured, imported and/or distributed fabric

14     and/or garments comprised of fabric featuring a design which is identical, or

15     substantially similar to, the Subject Design. A true and correct copy of such a

16     garment is attached hereto as Exhibit C. Said garments include but are not

17     limited to garments sold by SAKS.

18 29. At various times Defendant SAKS owned and controlled offline and/or online

19     retail stores, and each, Plaintiff's investigation revealed that garments

20     comprised of fabric bearing the Subject Design were being offered for sale,

21     garments which were manufactured and/or imported under the direction of the

22     Defendants, and each of them.

23 30. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's

24     authorization, Defendant BOP purchased, sold, marketed, advertised,

25     manufactured, caused to be manufactured, imported and/or distributed fabric

26     and/or garments comprised of fabric featuring a design which is identical, or

27     substantially similar to, the Subject Design. A true and correct copy of such a

28

COMPLAINT FOR DAMAGES

1    garment is attached hereto as Exhibit C. Said garments include but are not

2    limited to garments sold by BOP.

3   31. At various times Defendant BOP owned and controlled offline and/or online

4    retail stores, and each, Plaintiff's investigation revealed that garments

5    comprised of fabric bearing the Subject Design were being offered for sale,

6    garments which were manufactured and/or imported under the direction of the

7    Defendants, and each of them.

8   32. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's

9    authorization, Defendant MODESENS purchased, sold, marketed, advertised,

10    manufactured, caused to be manufactured, imported and/or distributed fabric

11    and/or garments comprised of fabric featuring a design which is identical, or

12    substantially similar to, the Subject Design. A true and correct copy of such a

13    garment is attached hereto as Exhibit C. Said garments include but are not

14    limited to garments sold by MODESENS.

15   33. At various times Defendant MODESENS owned and controlled offline and/or

16    online retail stores, and each, Plaintiff's investigation revealed that garments

17    comprised of fabric bearing the Subject Design were being offered for sale,

18    garments which were manufactured and/or imported under the direction of the

19    Defendants, and each of them.

20   34. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's

21    authorization, Defendant SPRING purchased, sold, marketed, advertised,

22    manufactured, caused to be manufactured, imported and/or distributed fabric

23    and/or garments comprised of fabric featuring a design which is identical, or

24    substantially similar to, the Subject Design. A true and correct copy of such a

25    garment is attached hereto as Exhibit C. Said garments include but are not

26    limited to garments sold by SPRING.

27   35. At various times Defendant SPRING owned and controlled offline and/or

28    online retail stores, and each, Plaintiff's investigation revealed that garments

COMPLAINT FOR DAMAGES

comprised of fabric bearing the Subject Design were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

36. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

37. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 36, inclusive, of this Complaint.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

40. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

41. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

42. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they

COMPLAINT FOR DAMAGES

1  would not otherwise have realized but for their infringement of the Subject

2  Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits

3  directly and indirectly attributable to Defendants' infringement of the Subject

4  Design in an amount to be established at trial.

5  43. Plaintiff is informed and believes and thereon alleges that Defendants, and each

6  of them, have committed acts of infringement alleged herein with actual or

7  constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a

8  finding of willful infringement.

9

10  ### SECOND CLAIM FOR RELIEF

11  (For Vicarious Copyright Infringement – Against All Defendants)

12  44. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully

13  set forth the allegations contained in Paragraphs 1 through 43, inclusive, of this

14  Complaint.

15  45. Plaintiff is informed and believes and thereon alleges that Defendants, and each

16  of them, knowingly induced, participated in, aided and abetted in and

17  resultantly profited from the illegal reproduction, importation, purchase,

18  marketing, advertisement, distribution and/or sales of product featuring the

19  Subject Design as alleged herein above.

20  46. Plaintiff is informed and believes and thereon alleges that Defendants, and each

21  of them, are vicariously liable for the infringement alleged herein because they

22  had the right and ability to supervise the infringing conduct and because they

23  had a direct financial interest in the infringing product.

24  47. By reason of the Defendants', and each of their, acts of contributory and/or

25  vicarious infringement as alleged above, Plaintiff has suffered and will continue

26  to suffer substantial damages to its business in an amount to be established at

27  trial, as well as additional general and special damages in an amount to be

28  established at trial.

COMPLAINT FOR DAMAGES

48. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

49. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement– Against All Defendants)

50. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereforeto, inclusive, of this Complaint.

51. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Design as alleged herein above.

52. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

53. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits

COMPLAINT FOR DAMAGES

they would have not otherwise realized bur for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

54. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

## Against All Defendants

With respect to Each Claim for Relief:

1. That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;

2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. That Plaintiff be awarded costs of litigation; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

COMPLAINT FOR DAMAGES

1    Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of

2    Civil Procedure 38 and the Seventh Amendment of the Constitution.

3

4

5

6

7    Dated: March 13, 2018              Respectfully submitted,

8
                                        /s/C. Yong Jeong          __
9                                       C. Yong Jeong, Esq.
                                        Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES